**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41082**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 621 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 16, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL BOONE WISEMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Butte County. Hon. Darren B. Simpson, District Judge.

Order of the district court relinquishing jurisdiction without sua sponte reducing sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Daniel Boone Wiseman pled guilty to malicious injury to property. Idaho Code § 18-7001(5)(a). The district court sentenced Wiseman to a unified term of five years, with a minimum period of confinement of two years, suspended the sentence and placed Wiseman on probation for a period of five years. Subsequently, Wiseman admitted to violating the terms of his probation and the district court reinstated his probation with additional conditions. Wiseman later admitted to violating several terms of his probation and the district court again continued his probation on the condition that he complete mental health court. Wiseman failed to complete mental health court and was arrested in another county. The district court revoked his probation, ordered the sentence executed, but retained jurisdiction. Wiseman filed three Idaho Criminal

1

Rule 35 motions for reduction of sentence and the district court denied each one.[1] Following the period of retained jurisdiction, the district court relinquished jurisdiction. Wiseman appeals asserting the district court abused its discretion by failing to sua sponte reduce his sentence upon relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Wiseman has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and assuming Wiseman can challenge the district court's failure to sua sponte reduce his sentence, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or in ordering execution of Wiseman's original sentence without modification. Therefore, the order relinquishing jurisdiction and directing execution of Wiseman's previously suspended sentence is affirmed.

---

[1]     Wiseman does not appeal from the denial of his Idaho Criminal Rule 35 motions.